IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Melvin Lewis II, # 33779-034, | ) | C/A No.: 1:23-4176-JD-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER AND NOTICE |
| Eliezer Ben-shmuel and Dennis M. Wong, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Melvin Lewis II ("Plaintiff"), proceeding pro se, filed this complaint alleging constitutional violations by Eliezer Ben-shmuel and Dennis M. Wong. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual and Procedural Background

Plaintiff filed a "Motion for Order to Show Cause," which has been liberally construed as a complaint. [ECF No. 1]. In the filing, Plaintiff seeks "to be awarded for the property damage loss review administrative claim" he filed. *Id.* Plaintiff provides no factual detail as to the basis for his claim of property damage, such as what was the damaged property, who is responsible, or when and where the property damage allegedly occurred. *Id.*

II.  Discussion

    A.  Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by

a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.   Analysis

It appears Plaintiff is bringing his claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Claims alleging a loss of personal property are not actionable under *Bivens*. *See Nogales v. Criwell*, 2019 WL 2619906, at *9 (D.S.C. Apr. 1, 2019), *report*

---

[1] *Bivens* established that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits.

3

*and recommendation adopted*, 2019 WL 2082491 (D.S.C. May 13, 2019), *appeal dismissed*, 2019 WL 7489150 (4th Cir. Oct. 7, 2019) (explaining that there can be no implied cause of action under *Bivens* for the detention of personal property because Congress explicitly legislated a private cause of action for such claims through the Federal Tort Claims Act ("FTCA")); *Giordano v. United States*, 2022 WL 4540961, at *6 (D.S.C. Aug. 12, 2022), *report and recommendation adopted*, 2022 WL 4540409 (D.S.C. Sept. 28, 2022) (finding that special factors counseled against recognizing a *Bivens* action for the deprivation of an inmate's personal property because the plaintiff had alternative remedies available to him, including an FTCA claim).[2]

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **October 11, 2023**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original

---

[2] To the extent Plaintiff intended to file a FTCA claim, he has failed to allege he has presented an administrative claim for purposes of compliance with the FTCA. Because the court lacks subject matter jurisdiction over a federal tort suit when a plaintiff has failed to exhaust his administrative remedies, Plaintiff's complaint would nevertheless be subject to summary dismissal. Plaintiff's complaint is also subject to summary dismissal because the United States is the only proper defendant in a FTCA claim, *see* 28 U.S.C. 1346(b)(1). Plaintiff's complaint asserts claims against a United States agency and its employees who may not be sued under the FTCA. *See* 28 U.S.C. §2679(b)(1) (personal capacity suits against employees are not cognizable under the FTCA); 28 U.S.C. § 2679(a) (agencies cannot be sued under the FTCA).

5

complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims specified above be dismissed without leave for further amendment.

    IT IS SO ORDERED.

September 20, 2023                             Shiva V. Hodges
Columbia, South Carolina               United States Magistrate Judge